IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01452-BNB

HAROLD L. WALLETTE,

   Applicant,

v.

J. M. WILNER, Warden, FCI Florence, CO,

   Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 14 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant Harold L. Wallette is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FCI Florence. Mr. Wallette has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Wallette is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Wallette is challenging the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered restitution in his criminal case. He alleges that the BOP lacks authority under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664(f)(2), to fix a schedule for payments during the time that he

is incarcerated at the BOP. Mr. Wallette asserts that although he currently is serving a sentence imposed on March 4, 2003, he is challenging payment of the restitution that was ordered in *United States v. Wallette*, No. 97-cr-00068-PAC-1, Doc. No. 55 (D. N.D. Feb. 10, 1998). Applicant further asserts that in Case No. 97-cr-00068 the district court did not set a restitution schedule for the period of time he was to be incarcerated at the BOP and did not direct that he participate in the IFRP. Mr. Wallette also asserts that any further attempt to exhaust his administrative remedies would be an exercise in futility, because Respondent has taken the position that Applicant is not entitled to the relief he requests.

The Court will not address the exhaustion issue. Even though Applicant concedes he has failed to exhaust his administrative remedies, in the interest of judicial economy, the Court will proceed to decide the merits of Applicant's claims. 28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding)

The Inmate Financial Responsibility Plan (IFRP) became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see Prows v. Department of Justice*, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered special assessments and restitution specifically are included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(1) & (2). The restitution statute, 18 U.S.C. § 3664, was amended by the MVRA in 1996 to include subparagraph (f)(2). As stated above, Mr. Wallette relies on subparagraph (f)(2) for the basis of his claim.

The BOP has authority to require Mr. Wallette to participate in the IFRP because the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts." *Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2d Cir. 1990) (per curiam); *see* *Phillips v. Booker*, 76 F. Supp. 2d 1183, 1192-93 (D. Kan. 1999); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988); *aff'd*, 938 F.2d 274 (D.C. Cir. 1991). "Every court to consider a challenge to the IFRP's constitutionality has upheld it." *Davis v. Wiley*, 260 F.Appx. 66, 68 (10th Cir. Jan. 2, 2008) (citations omitted) (unpublished). "In sum, the BOP is thus within its constitutional authority to establish and enforce payment amounts [Mr. Wallette] must make towards the court-ordered . . . restitution." *Id.* at 69. Furthermore, even though Mr. Wallette's refusal to participate in the IFRP is not without consequences, *see* 28 C.F.R. § 545.11(d), the listed actions under § 545.11(d) that prison staff may take against him for his nonparticipation in the IFRP are not constitutionally guaranteed. *Id.* (citing *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

Furthermore, contrary to Mr. Wallette's assertion that he only is challenging the execution of his sentence, this Court finds that in part he also challenges the validity of his sentence. Mr. Wallette cites to the restitution order entered by the sentencing court and argues that the order does not set a restitution payment schedule and does not order him to participate in the IFRP. (Application at Attach. 2.) He further contends that under the MVRA, § 3664(f)(2), the sentencing court may not delegate the schedule of payments. (Application at Attach. 4.) Mr. Wallette, therefore, concludes that because

3

the sentencing court did not set a payment schedule he is exempt form making restitution payments during his incarceration.

To determine the proper reading of the sentencing court's restitution order, in keeping with 18 U.S.C. § 3664(f)(2), Mr. Wallette must raise the issue with the sentencing court. This Court lacks jurisdiction over any challenge to a federal prisoner's sentence. Any challenge to a sentencing court's failure to establish a restitution schedule must be asserted in the sentencing court. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Therefore, based on the above findings, the Court concludes that the Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 13 day of Aug, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01452-BNB

Harold L. Wallette
Reg. No. 04047-059
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/14/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk